(No. 85-CC-2398—

SAM COTTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1986.*

SAM COTTON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE E. B. GIBSON, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This is a claim brought by Sam Cotton, an inmate at the Centralia Correctional Center, to recover for personal injuries.

On February 1, 1985, when the Claimant, age 22, was an inmate at the Joliet Correctional Center, the Claimant fell while attending the supper meal at the gallery or mess hall. After walking into the dining room with his tray of food, Claimant set the tray down and went to get kool-aid beverage. After obtaining the kool-aid, Claimant started back to his seat, where his tray of food was located, and fell allegedly injuring his right foot. Inmates obtained their beverages from two containers sitting on table tops, where inmates served kool-aid. Inmates carry their beverage container to the kool-aid station, place their container under a spigot and inmates push a button filling the container. On the date of Claimant's injury nothing unusual was being done.

Claimant states that he was caused to fall by the slippery condition of the floor because "a lot of kool-aid was on the floor."

Claimant had noticed beverage spilled on the floor in the area of the kool-aid stand on previous occasions.

Claimant testified that the same foot had been injured earlier when he was in the Cook County Jail playing basketball. Claimant testified that, after the earlier injury at the Cook County Jail, the foot healed properly and Claimant had "no problems." Claimant testified he was unable to run and walk without discomfort after the first injury. Claimant testified the bone healed properly on that occasion. Claimant testified he didn't know whether the bone broken in the incident complained of was the same one broken at the Cook County incident. Claimant testified he couldn't tell whether it felt like the same bone or not. After being injured at Joliet, he was taken to Silver Cross Hospital where a cast was put on his foot. It was a walking cast and because of snow and wet conditions the cast got wet

and had to be taken off sooner than anticipated. Claimant testified that he told officers that a bone in his foot was sticking out. Correctional officers X-rayed his foot, wrapped it in an ace bandage, and sent him to Centralia Correctional Center. Claimant stated he felt that the cast came off too soon because his foot was still bothering him.

Claimant testified he did not know how the kool-aid got on the floor, but he could see that the floor was wet. Claimant stated, "I . . . I seen the kool-aid on the floor, where I was getting my kool-aid." Claimant testified that he saw the kool-aid before he fell.

Claimant also complained that he was having back problems subsequent to his fall on February 1, 1985, and the doctors advised him he was suffering from a back sprain. Claimant testified that the back condition was getting a little better.

With respect to the Claimant's foot, Claimant testified that his foot hurt all of the time and that there was a lump on his foot that protruded visibly that was caused by the February 1, 1985, accident.

On cross-examination by Respondent, Claimant again testified that he had no bone protruding from the side of his foot after the Cook County Jail injury.

Respondent introduced medical records from Joliet Correctional Center in evidence, which included an Illinois Department of Corrections "medical history form" purporting to be dated January 25, 1985, bearing the following notation:

"Right foot—had cast 1984—bone protrudes."

Also, on certain "medical progress notes" bearing a date of January 30, 1985, the following notation appears:

"I hurt my right foot last August—they took cast off in September and it still hurts all of the time—deformity outer aspect, right foot."

The medical progress notes referred to above are followed by medical progress notes noting the incident of February 1, 1985, about which Claimant complains in the present case.

The Court of Claims Act provides in pertinent part as follows:

"sec. 14—whenever any fraud against the State of Illinois is practiced or attempted by any Claimant in the proof, statement, establishment or allowance of any claim or any part of any claim, the claim or part thereof shall be forever barred from prosecution in the Court."

Respondent argues that undisputed medical records made immediately before the accident and injury of which the Claimant now complains establish that Claimant did indeed have a lump protruding from his right foot about which he had complaints immediately prior to the incident now complained of. This evidence, properly before the Commissioner, can leave little doubt that the Claimant did indeed by his testimony attempt fraud against Respondent in connection with this claim.

It is therefore ordered that this claim is dismissed and in accordance with Illinois Revised Statutes (1985), ch. 37, sec. 439.14, Claimant's claim be forever barred from prosecution in this Court.